IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED MAR 20 2009

| | | |
|---|---|---|
| MARLON G. PALMER | : | CIVIL ACTION |
| v. | : | |
| COMMONWEALTH OF PENNSYLVANIA, ET AL. | : | NO. 09-0693 |

M E M O R A N D U M

TUCKER, J.

MARCH        , 2009

    Plaintiff, a prisoner at York County Prison, has filed a pro se civil rights action in which he alleges that his constitutional rights were violated by employees of SCI-Cresson, while he was incarcerated at that correctional institution.

    With his complaint, plaintiff filed a motion for leave to proceed in forma pauperis. For the reasons outlined below, this Court will grant plaintiff temporary in forma pauperis status for the sole purpose of filing this action in this Court. The action will then be transferred to the United States District Court for the Western District of Pennsylvania for consideration of plaintiff's complaint and motion to proceed in forma pauperis.

    Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides that this action may be brought in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a

ENTERED

MAR 2   2009

CLERK OF COURT

judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

Plaintiff alleges that his constitutional rights were violated at SCI-Cresson, which is located in the Western District of Pennsylvania. Because plaintiff does not allege that his claims arose in the Eastern District of Pennsylvania, or that any defendant in this action resides in the Eastern District of Pennsylvania, venue is improper in this Court. When venue is improper, as in this case, the Court may, in the interests of justice, transfer the case to a district court in which it could have been brought. 28 U.S.C. § 1406(a). Under the facts set forth in the complaint, this case could have been brought in the Western District of Pennsylvania.

Pursuant to 28 U.S.C. § 1406(a), the Court will transfer this case to the United States District Court for the Western District of Pennsylvania.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARLON G. PALMER : CIVIL ACTION
:
v. :
:
COMMONWEALTH OF PENNSYLVANIA, : NO. 09-0693
ET AL. :

ORDER

AND NOW, this 20th day of March, 2009, it is hereby ORDERED that:

1. Leave to proceed in forma pauperis is GRANTED pursuant to the accompanying memorandum;

2. Plaintiff's emergency motion for leave to amend and extension of time is DENIED without prejudice to its reassertion in the transferee Court;

3. The Clerk of Court shall TRANSFER this action to the United States District Court for the Western District of Pennsylvania along with a certified copy of the docket, and all papers and the file in this matter; and

4. The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:

_____
PETRESE B. TUCKER, J.